1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNON B.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C22-5524-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits.  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1971, has a ninth-grade education, and previously worked as a caregiver for multiple family members.  AR 52-53, 87-91, 566.  Plaintiff was last gainfully employed in 2010.  AR 91, 326.

In June 2015, Plaintiff applied for benefits, alleging disability as of November 1, 2013.  AR 295-302.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

requested a hearing.  AR 208-23, 230-43. After the ALJ conducted a hearing in April 2017 (AR 79-135), the ALJ issued a decision finding Plaintiff not disabled.  AR 22-41.

The Appeals Council denied Plaintiff's request for review (AR 5-10), and Plaintiff sought judicial review.  The U.S. District Court for the Western District of Washington granted the parties' stipulated motion to reverse the ALJ's decision and remand for further administrative proceedings.  *See* AR 607-10.  On remand, a different ALJ held a hearing (AR 557-80), and subsequently issued a decision finding Plaintiff not disabled.  AR 536-50.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two**:  Plaintiff has the following severe impairments: morbid obesity, irritable bowel syndrome, posttraumatic stress disorder, major depressive disorder, generalized anxiety disorder, and attention deficit hyperactivity disorder (ADHD).

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**:  Plaintiff can perform light work with additional limitations: she can occasionally crawl or climb ladders, ropes, and scaffolds.  She can be occasionally exposed to vibration and extreme cold.  She must have ready access to a bathroom.  She can follow simple instructions and tasks that follow a predictable routine. She can perform work that is quota-based rather than production-paced.  She can make simple decisions and can adapt to occasional changes.  She cannot interact with the general public, and can occasionally interact with co-workers.

**Step four**:  Plaintiff cannot perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 536-50.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

1    The Appeals Council did not assume jurisdiction of this case, and Plaintiff appealed the

2  final decision of the Commissioner to this Court.  Dkt. 5.

3                                          **LEGAL STANDARDS**

4    Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

5  security benefits when the ALJ's findings are based on harmful legal error or not supported by

6  substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

7  2005).  As a general principle, an ALJ's error may be deemed harmless where it is

8  "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104,

9  1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to

10  determine whether the error alters the outcome of the case." *Id*.

11    Substantial evidence is "more than a mere scintilla.  It means - and means only - such

12  relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

13  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d

14  747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving

15  conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v.

16  Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record

17  as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

18  Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

19  susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

20  must be upheld.  *Id.*

21  //

22  //

23  //

**DISCUSSION**

Plaintiff argues the ALJ erred in: (1) assessing certain medical opinions, (2) discounting Plaintiff's allegations, and (3) discounting Plaintiff's husband's statement.[3]  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

A.      **The ALJ Did Not Harmfully Err in Assessing the Medical Opinion Evidence**[4]

Plaintiff contends that the ALJ erred in discounting a September 2016 checkbox form opinion completed by Plaintiff's treating therapist, Elaine Pichette, ARNP, MSN.  AR 466-68. Ms. Pichette indicated that Plaintiff had several marked mental limitations.  *Id.*  The ALJ gave little weight to the opinion, noting that it consisted of unexplained checkbox ratings without citation to clinical findings.  AR 547.  The ALJ also found that the limitations Ms. Pichette indicated were inconsistent with the medical record, which shows mostly normal mental status examination findings, that Plaintiff rarely needed medication for her panic attacks, that her ADHD was controlled by medication, and that she was able to complete a range of daily activities.  *Id.*

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."  *Id.* at 830-31

---

[3] Plaintiff also argues that these errors led to errors in the ALJ's RFC assessment and step-five findings (Dkt. 14 at 14-16), but these derivative errors need not be addressed separately.

[4] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

1    (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).  Opinions written by non-

2    acceptable medical sources, such as an ARNP, may be discounted for germane reasons.  *See*

3    *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015).

4          Plaintiff argues that the ALJ erred in focusing on whether Ms. Pichette's opinion itself

5    referenced clinical findings, rather than looking to her treatment notes to determine whether

6    findings in the notes corroborated the opinion.  Dkt. 14 at 5.  But the ALJ did consider whether

7    Ms. Pichette's opinion was corroborated by her treatment notes, and found that it was

8    inconsistent with them because her notes indicated that Plaintiff's mental status examination

9    findings were "relatively normal" and that Plaintiff's ADHD was controlled by medication.  *See*

10   AR 547 (citing *inter alia* AR 431, 432, 437, 440).  Although Plaintiff disputes whether the

11   mental status examination findings were "relatively normal," as found by the ALJ, she does not

12   point to any particular findings that undermine the ALJ's findings.  Dkt. 14 at 5.  Ms. Pichette

13   herself regularly referred to Plaintiff's mental status examination findings as within normal

14   limits.  *See* AR 431, 434, 437, 440, 474, 480, 483.  Thus, Plaintiff has not shown that the ALJ

15   erred in failing to consider Ms. Pichette's opinion in conjunction with her treatment notes, or

16   erred in discounting Ms. Pichette's opinion based on an inconsistency between them.  *See*

17   *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion

18   presenting inconsistencies between the opinion and the medical record).  To the extent that any

19   of the ALJ's other reasons to discount Ms. Pichette's opinion were not germane, any such error

20   is harmless because the ALJ properly discounted the opinion as inconsistent with Ms. Pichette's

21   treatment notes and other medical evidence in the record.

22         Plaintiff goes on to summarize various medical findings (Dkt. 14 at 6-7), but

23   acknowledges that these findings do not constitute an opinion as to Plaintiff's functioning.  The

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

existence of these findings does not advance Plaintiff's assignment of error in the ALJ's decision and the Court need not address them further.

Lastly, Plaintiff argues that the ALJ erred in giving some weight to the State agency consultants' opinions because their opinions were not informed by a review of the entire record. Dkt. 14 at 7. But the ALJ explicitly considered the State agency opinions in the context of the entire record, and found that the record available to the ALJ suggested that some of Plaintiff's limitations were more severe and some were less severe than the consultants had found. AR 546. Plaintiff has not shown that the ALJ erred in finding that the State agency opinions were entitled to only some weight in light of more recent evidence, given that the ALJ referred to specific medical evidence in assessing those opinions. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) ("The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record.").

Because Plaintiff has not identified harmful legal error in the ALJ's assessment of the medical opinion evidence, the Court affirms this portion of the ALJ's decision.

## B. The ALJ Did Not Err in Discounting Plaintiff's Testimony & Plaintiff's Husband's Statement

The ALJ summarized Plaintiff's testimony and explained that he discounted it because: (1) Plaintiff's activities are inconsistent with her alleged limitations; (2) although Plaintiff testified at the hearing that her conditions had worsened during the COVID-19 pandemic, treatment notes indicate that her treatment since November 2020 has "focused almost solely on high blood pressure[,]" as opposed to her allegedly disabling impairments; and (3) Plaintiff's mental conditions improved with treatment and many of her mental findings were normal. AR 542-45. Plaintiff contends that the ALJ's reasons for discounting her testimony were not clear

1    and convincing, as required in the Ninth Circuit.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37

2    (9th Cir. 2014).

3        First, Plaintiff contends that the ALJ erred in finding that her activities were inconsistent

4    with her allegations because the ALJ cherry-picked from Plaintiff's function report and failed to

5    acknowledge the difficulties that Plaintiff described in the report.  Dkt. 14 at 8-9.  Plaintiff is

6    mistaken: the ALJ acknowledged Plaintiff's alleged limitations in his summary of Plaintiff's

7    testimony.  *See* AR 542-43.  Indeed, as the ALJ noted, Plaintiff reported that she experiences

8    anxiety when facing a task, is physically limited due to back pain, cannot concentrate long

9    enough to complete tasks, must reread instructions, and requires a companion when going most

10   public places.  AR 331-38.  Despite those limitations, Plaintiff also reported an ability to care for

11   herself, her children, and her pets; prepare full meals; perform household chores; drive; handle

12   her finances; and follow written instructions pretty well.  *Id.*  The ALJ reasonably found that

13   those abilities indicated that Plaintiff's limitations as to lifting, squatting, bending, walking,

14   sitting, standing, kneeling, completing tasks, concentrating, completing tasks, and following

15   instructions were not as limiting as alleged.  AR 543-44.  Although Plaintiff would interpret her

16   activities differently, she has not shown that the ALJ's interpretation is unreasonable or that the

17   ALJ erred in relying on them to discount her testimony.  *See Smartt v. Kijakazi*, 53 F.4th 489,

18   499-500 (9th Cir. 2022) (affirming an ALJ's discounting of a claimant's testimony based on a

19   finding that her activities were inconsistent with the alleged limitations); *Morgan v. Comm'r of*

20   *Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more

21   than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

22       Plaintiff next argues that the ALJ erred in looking only to Plaintiff's treatment for

23   physical conditions during the pandemic, and this argument suggests that the ALJ should have

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

looked to the mental health treatment notes instead. Dkt. 14 at 9. But Plaintiff identifies no mental health treatment notes that corroborate her testimony about worsening symptoms during the pandemic (*id.*), and the Court's review of the record reveals no evidence of any treatment focusing only on mental health during the pandemic. *See* AR 808-1060. Some of the treatment notes for physical conditions (cited by the ALJ) contain references to normal mental findings (AR 824, 833, 848, 860, 881, 889, 902), although during one of those appointments (as the ALJ acknowledged (AR 544)) Plaintiff reported dysphoric mood and feeling nervous/anxious. *See* AR 822. The ALJ reasonably found that the records dating to the pandemic were inconsistent with Plaintiff's testimony that her mental conditions worsened during that time period. *See Morgan*, 169 F.3d at 599-600 (contrary to plaintiff's claims of lack of improvement, physician reported symptoms improved with use of medication).

Lastly, Plaintiff argues that the ALJ erred in cherry-picking normal mental and physical findings from the record because that evidence only confirms that her symptoms wax and wane, but is not inconsistent with her allegations. Dkt. 14 at 9-10. Plaintiff does not identify any testimony where she alleged that her symptoms wax and wane. Instead, Plaintiff testified that, *inter alia*, her limitations prevent her from ever going to a store by herself (AR 93, 568), that she has been limited in her ability to walk and sit and must recline multiple times every day for "most of her adult life" (AR 572-73), that her irritable bowel syndrome causes diarrhea every morning (AR 106, 112), and that she has 3-5 panic attacks per week (AR 116). The ALJ acknowledged that Plaintiff's symptoms flared on an "infrequent" basis, but found that Plaintiff's allegations were inconsistent with "the record as a whole," which suggested that Plaintiff's symptoms improved and stabilized with treatment. AR 545. Plaintiff has not shown that this finding is unreasonable or unsupported by substantial evidence, and has failed to show

that the ALJ erred in discounting Plaintiff's allegations as inconsistent with the objective

evidence.  AR 545.  Although, as Plaintiff emphasizes (Dkt. 14 at 9-10), this reasoning could not

alone support the ALJ's discounting of her testimony, this was not the sole reason cited by the

ALJ and the ALJ did not err in considering the extent to which the objective evidence

corroborated Plaintiff's testimony.

Because the ALJ cited multiple legally sufficient reasons to discount Plaintiff's

testimony, and (as found by the ALJ (AR 547)) those reasons apply with equal force to

Plaintiff's husband's similar testimony (AR 801-06), Plaintiff has failed to establish harmful

legal error in the ALJ's assessment of either her or her husband's testimony.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and

this case is **DISMISSED** with prejudice.

Dated this 24th day of March, 2023.

S. KATE VAUGHAN
United States Magistrate Judge